UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Malachi Kilgore,
also known as,
Manifest-Allah,                                          Civil No. 11-2571 (JRT/FLN)

        Plaintiff,

      v.                                                    **REPORT & RECOMMENDATION**

Cari Gerlicher**,**

        Defendant.

_____

      **THIS MATTER** came before the undersigned United States Magistrate Judge on the

Plaintiff's motion for summary judgment (ECF No. 17).  The matter has been referred to the

undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  For

the reasons set forth below, the Court recommends that Plaintiff's motion be **DENIED WITHOUT**

**PREJUDICE**.

## I.   BACKGROUND

      On September 7, 2011, Plaintiff Malachi Kilgore, also known as Manifest-Allah,

("Kilgore") filed a complaint seeking a declaration that Defendant Cari Gerlicher ("Gerlicher")

violated the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1, by

labeling the Five Percent Nation of Gods and Earth ("NGE") a security-threat-group and by denying

him NGE-related religious opportunities while incarcerated.  In accordance with 28 U.S.C. §

1915(d), the United States Marshals served Gerlicher with Kilgore's complaint and summons on

January 12, 2012.  *See* ECF No. 10.  Gerlicher filed her answer on February 2, 2012.  *See* ECF No.

13.  A week later, Kilgore filed this motion for summary judgment  *See* ECF No. 17.

      Gerlicher opposes Kilgore's motion in part because she "needs sufficient time to conduct

discovery, develop the record, and research and draft a substantive response to Kilgore's claims." Def.'s Br. at 8, ECF No. 22.  The Court's scheduling order sets a September 1, 2012 deadline for the completion of discovery and an October 2, 2012 deadline for the filing of dispositive motions. *See* ECF No. 16.

## II.   ANALYSIS

"[S]ummary judgment is proper only after the non-movant has had adequate time to engage in discovery." *Stanback v. Best Diversified Prods., Inc.*, 180 F.3d 903, 911 (8th Cir. 1999).  When faced with a motion for summary judgment, a party claiming that she has not had sufficient time for discovery may file an affidavit under Fed. R. Civ. P. 56(d) showing "what specific facts further discovery might unveil." *Id.* at 911.  The rule provides a "safeguard against an improvident or premature grant of summary judgment . . . and [it] should be applied with a spirit of liberality." *United states* ex. rel *Bernard* v. *Casino Magic Corp.,* 293 F.3d 419, 426 (8th Cir. 2002).

Gerlicher has filed an affidavit under Rule 56(d) stating that additional discovery is needed as to Kilgore's religious beliefs, how the DOC's security-threat-group policy burdens those beliefs, and what specific religious materials Kilgore has been denied.  *See* Behrens Aff. ¶ 3, ECF No. 29. This case is in its infancy: Kilgore moved for summary judgment only a week after Gerlicher filed and served her answer.  The Court therefore concludes that Kilgore's motion is premature.  Gerlicher is entitled to obtain discovery in support of her defenses before responding to Kilgore's motion for summary judgment.[1]

---

[1]   Gerlicher also opposes Kilgore's motion because she alleges he has not exhausted his administrative remedies and he fails to state a claim upon which relief can be granted.  Gerlicher has not filed a motion pursuant to Rules 12(b)(6) or 56.  The Court concludes that these issues are better resolved through further motion practice.

## III.   RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, it is **HEREBY RECOMMENDED** that Kilgore's motion for summary judgment (ECF No. 17) be **DENIED WITHOUT PREJUDICE**.


DATED: May 18, 2012                           *s/ Franklin L. Noel*_____
                                              FRANKLIN L. NOEL
                                              United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **June 4, 2012**, written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof.  All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.